UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KELSEY R. GEBERA,

                               *Plaintiff,*

      --against--                                       **COMPLAINT AND**
                                                    **JURY DEMAND**

                                                **Index No. _____**

COUNTY OF NIAGARA,

                              *Defendant*,
------------------------------------------------------------------X


       Plaintiff, KELSEY R. GEBERA, by and through her attorneys, the LAW OFFICE OF LINDY KORN, PLLC, hereby complains of the Defendant, COUNTY OF NIAGARA, *upon information and belief*, as follows:


## NATURE OF THE CLAIMS

1. Ms. Gebera seeks the appropriate remedies and damages for discriminatory treatment based on disability discrimination, in violation of the New York State Human Rights Law (Executive Law, Article 15), § 296; the Americans with Disabilities Act Amendments Act pursuant to 42 U.S.C. § 12117 et sequitur, and the Rehabilitation Act 29 U.S.C. § 791.

2. During Ms. Gebera's employ, Plaintiff required a reasonable accommodation based on her disability. Defendant illegally violated the foregoing statutes by denying Plaintiff's request for accommodation, as alleged below.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1367, and 28 U.S.C. § 1331. Ms. Gebera's claims are brought under the New York State Human Rights Law (Executive Law, Article 15), § 296; the Americans with Disabilities Act Amendments Act pursuant to 42 U.S.C. § 12117 et sequitur, and the Rehabilitation Act 29 U.S.C. § 791.

4. Defendant is subject to the jurisdiction of this Court and venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) as the acts and omissions giving rise to the claims in this Complaint occurred within the Western District of New York and both Plaintiff and Defendant are residents of the Western District of New York.

**PARTIES**

5. At all relevant times, Plaintiff, KELSEY R. GEBERA ("Ms. Gebera"), is a resident of the State of New York, Niagara County.

6. At all relevant times, Defendant COUNTY OF NIAGARA ("Defendant" or "the County") office in which Plaintiff worked is located at 301 Tenth Street, Niagara Falls, New York 14301.

7. At all relevant times, Defendant COUNTY OF NIAGARA employs over four (4) employees.

**MATERIAL FACTS**

8. On May 23, 2016, Defendant hired Ms. Gebera as a Social Worker.  She is currently assigned to the SNAP Undercare unit.

9. Within Ms. Gebera's position, her duties mainly include interviewing SNAP applicants and determining eligibility.

10. Ms. Gebera experienced a disability, as she was diagnosed with Mitochondrial disease, Dysautonomia, and Ehlers-Danlos syndrome.

11. Ms. Gebera engaged in protected activity when she requested an accommodation for her infusion appointments through an alternative work schedule, which would still allow Plaintiff to not miss work/pay.

12. On May 16, 2022, Ms. Gebera was informed by Defendant that her Alternative Work Schedule ("AWS") was being modified from 8:00 AM – 3:30PM to 8:30 AM – 4:00 PM.  The change in her AWS was to begin July 5, 2022.

13. This unprompted change in Ms. Gebera's AWS affected her treatment of her disabilities, as she was required to receive infusions every Wednesday and Friday.

14. Upon information and belief, as of July 5, 2022, Defendant had four (4) employees working from 8:00 AM – 3:30 PM, and three (3) employees working 8:30 AM – 4:00 PM.

15. On or shortly after May 16, 2022, Ms. Gebera met with her principal, Kimberly Vigue, to discuss the change in her work schedule and to explain her need to remain at her current work schedule starting at 8:00 AM.

16. During this meeting Ms. Gebera was told by Ms. Vigue that since there was an uneven number of employees (4 vs. 3 per shift), the "odd person", deemed as Plaintiff, was required to work the later shift as they stated a 50/50 split was needed.

17. On June 1, 2022, Ms. Gebera, Terry Cirello, Union President, and Megan Lutz, Director of Social Services, met to discuss the accommodation. After Plaintiff again explained her need for the accommodation for a serious, life-threating illness, Ms. Lutz's response was words to the effect of "everyone in the building has medical issues and we cannot accommodate everyone."

18. Plaintiff submitted a formal request for accommodation on June 22, 2022 after her attempts to file grievances through her union were unsuccessful.

19. Plaintiff provided a medical note from Amy E. Forsyth, RN of Invision Health dated June 3, 2022 expressing the necessity of her accommodation to receive infusions.  In part, this letter states, "The infusion she receives is to help manage and prevent worsening of her several medical conditions. In the past she stopped her infusion and that caused her to be taken out of work for several months. Our goal i[s] to prevent that from happening again."

20. Defendant was well aware or should have been well aware of Plaintiff's disabilities. Beyond medical documentation, Plaintiff's symptoms have been visible and occurred during work.  Both Kelly Guthrie, direct supervisor, and Kimberly Vigue, principal/boss of Plaintiff, have witnessed Ms. Gebera having seizures during work.

21. On June 29, 2022, Plaintiff's request for accommodation was denied.  Plaintiff was offered by Defendant, after their denial, that she would be allowed to use her PTO and accruals, and after those expire she would be allowed to miss work unpaid.  This was not an acceptable accommodation, as Plaintiff missing time from work would make her greatly suffer economically. Her retirement, her sick time accruals, and her unemployment benefits, if she were laid off, could all be negatively impacted by the loss of hours worked.

22. On July 1, 2022, a co-worker of Plaintiff expressed that she and another co-worker would like to take turns covering Plaintiff's shifts on Wednesday and Friday to allow her to make her infusion appointments.  Upon hearing this generous offer made by her co-workers, Ms. Gebera spoke to Todd Schwagler to have him present this as a resolution to her accommodation request, believing this would cure every issue raised by Defendant as to why her accommodation was denied.

23. Later that day she received a voicemail from Mr. Schwagler stating that Defendant would not be able to change anything at this time.

24. On July 7, 2022 Ms. Gebera received her first email asking for medical verification for the pre-approved sick time she used.  Plaintiff accrues seven (7) hours per month, which her infusions go well beyond, and that is not including her other scheduled doctor appointments, which she was no longer able to schedule outside of her work schedule due to the Defendant's change of her AWS.

25. Since September 7, 2022, Plaintiff has been docked pay due to her need for her medical treatments.

**FIRST CAUSE OF ACTION**
**Disability Discrimination in Violation of New York State Human Rights Law (Executive Law, Article 15), § 296(1)**

26. Ms. Gebera repeats each and every allegation set forth herein in the preceding paragraphs as though fully set forth herein.

27. Defendant's actions were willful and not done in good faith.

28. As a result of Defendant's conduct, Ms. Gebera suffered great emotional harm.

29. Ms. Gebera is, therefore, entitled to relief including but not limited to liquidated damages on equitable and injunctive relief, an award of compensatory damages, expenses, and attorneys' fees and costs in an amount to be determined at trial.

**SECOND CAUSE OF ACTION:**
**Discrimination based on Disability under the Americans With Disabilities 42 U.S.C. § 12117**

30. Ms. Gebera repeats each and every allegation set forth herein in the preceding paragraphs as though fully set forth herein.

31. Defendant's actions were willful and not done in good faith.

32. As a result of Defendant's conduct, Ms. Gebera suffered great emotional harm.

33. Ms. Gebera is, therefore, entitled to relief including but not limited to liquidated damages on equitable and injunctive relief, an award of compensatory damages, expenses, and attorneys' fees and costs in an amount to be determined at trial.

## INJURY AND DAMAGES

34. As a result of the acts and conduct complained herein, Ms. Gebera suffered and will continue to suffer the loss of a salary, benefits and other compensation which such employment entails.  Ms. Gebera has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.  Ms. Gebera further experienced significant emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Gebera respectfully requests a judgment against the Defendant:

a. Declaring that Defendant engaged in unlawful employment practices prohibited by the New York Executive Law and federal law, and that Defendant discriminated against Ms. Gebera;

b. Awarding Ms. Gebera economic damages;

c. Awarding Ms. Gebera compensatory damages for mental, emotional injury, distress, and pain and suffering, in an amount to be proven;

d. Awarding Ms. Gebera attorney's fees, costs, and expenses incurred in the prosecution of this action;

e. Awarding Ms. Gebera such other and further relief that this Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

WHEREFORE, Ms. Gebera demands judgment against Defendant in an amount to be determined at trial plus interest, attorney's fees, costs, and disbursement of action, and for other such relief as this Court deems just and proper.

Dated: October 19, 2023
          Buffalo, New York

Lindy Korn, Esq.
LAW OFFICE OF LINDY KORN, PLLC
*Attorneys for Plaintiff*
535 Washington Street, Ninth Floor
Buffalo, New York 14203
716-856-5676
lkorn@lkorn-law.com